Honorable Leif B. Erickson
Federal Magistrate Judge
Missoula Division
Russell E. Smith Courthouse
201 East Broadway, Room 370
Missoula, MT  59802

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION**

_____

| | |
|---|---|
| ROBERT FIELD,<br><br>             Plaintiff,<br><br>        vs.<br><br>ROBERT ZIMMERMAN, Sanders County Attorney; GENE ARNOLD, Sheriff of Sanders County; HAROLD LAWS, Sanders County Commissioner; CAROLE BROOKER, Sanders County Commissioner; and DALE PATTON, Sanders County Commissioner,<br><br>             Defendants. | CAUSE NO. CV 05-133-M-LBE<br><br><br><br>FINDINGS AND RECOMMENDATION<br>OF U.S. MAGISTRATE JUDGE |

_____

This matter comes before the Court on several dispositive motions filed by both Plaintiff and Defendants.  Upon consideration of the motions, briefs and materials filed by the parties the Court hereby enters the following:

**RECOMMENDATION**

Defendant's Motion for Partial Summary Judgment should be **GRANTED** and this action should be **DISMISSED**.  All other pending motions should be **DENIED** as moot in light of this recommended dismissal.

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE - PAGE 1

**NOW, THEREFORE, IT IS ORDERED** that the Clerk shall serve a copy of the Findings and Recommendation of the United States Magistrate Judge upon the parties. The parties are advised that pursuant to 28 U.S.C. § 636, any objections to these findings must be filed with the Clerk of Court and copies served on opposing counsel within ten (10) days after receipt hereof, or objection is waived.

DONE and DATED this 23rd day of May, 2006.

>  /s/ Leif B. Erickson
> Leif B. Erickson
> United States Magistrate Judge

## RATIONALE

### I.  PLAINTIFF'S ALLEGATIONS

Plaintiff, proceeding *pro se*, brings this action to challenge Defendants' refusal to award the Sanders County junk vehicle towing contract to him. For his Complaint Plaintiff alleges as follows:

In April 2005 Sanders County sought bids for hauling and removing junk vehicles. Plaintiff submitted his bid for the contract. On June 30, 2005, the Sanders County Board of Commissioners notified Plaintiff his bid was refused. The Commissioners awarded the contract to another individual despite the fact the other person was not a certified tow truck operator and had not submitted the lowest bid. Plaintiff is a certified

tow truck operator as required by Montana law, and his bid was lower than the successful bid.

Although Plaintiff contends his bid complied with all applicable requirements, Defendant Zimmerman informed him it was non-compliant.  Zimmerman refused to answer Plaintiff's questions about the bid or to further explain why Plaintiff did not receive the contract.

Plaintiff alleges Zimmerman "is guilty of Official Misconduct, and or felonious malfeasance" due to his conduct in issuing the towing contract.  (Compl. at 5.)  Plaintiff contends Zimmerman, as an elected official, owed him a duty of reasonable care and honesty and is obligated to uphold the laws of Montana. He breached such duties by telling the Board of County Commissioners to award the towing contract to someone other than Plaintiff.  (*Id*.)  The successful bidder was not in compliance with state law in that he is not a certified tow truck operator. Zimmerman allowed the State of Montana to interfere with Plaintiff's private business, and his conduct "violated Plaintiff's inalienable right to the pursuit of happiness" in conducting a lawful business.  (*Id*.)  As a consequence Plaintiff has lost income.

Plaintiff alleges Zimmerman's conduct violated state and federal laws.  He contends Zimmerman deprived him of his due process and equal protection rights guaranteed under the U.S. Constitution, and that he is subject to penalties under Mont.

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE - PAGE 3

Code Ann. § 75-10-542.  (Compl. at 6-7.)  He also alleges Zimmerman is in violation of the criminal laws prohibiting official misconduct under Mont. Code Ann. § 45-7-401.

Plaintiff alleges separate claims against the remaining Defendants as follows:  Defendant Arnold is liable for official misconduct under Mont. Code Ann. § 45-7-401 as the Sanders County Sheriff because he has allowed the successful tow truck bidder to tow junk vehicles for the County even though such person is not a certified tow truck operator.  (Compl. at 8-9.)  Defendant Arnold also illegally allowed Defendant Zimmerman to violate state law as stated above, and Arnold was obligated to arrest Zimmerman, but failed to do so.  Such conduct violated Plaintiff's due process rights under the U.S. Constitution, and caused financial losses to Plaintiff.  (*Id*. at 9-10.)

The County Commissioner Defendants are liable for failing to uphold state law.  They knew the towing contract could only be awarded to individuals who are certified tow truck operators, but they ignored such requirement.  (Compl. at 10.)

## II.  APPLICABLE LAW - SUMMARY JUDGMENT

A party moving for summary judgment is entitled to such if the party can demonstrate "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).  A party is entitled to summary judgment where the documentary evidence

produced by the parties permits only one conclusion. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251 (1986). On a motion for summary judgment, this Court must determine whether a fair-minded jury could return a verdict for the nonmoving party. *Id*. at 252.

The party seeking summary judgment bears the initial burden of informing the Court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

Where the moving party has met his initial burden with a properly supported motion, the party opposing the motion "may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, at 248. The nonmoving party may do this by use of affidavits (including his own), depositions, answers to interrogatories, and admissions. *Id*.

Finally, in civil rights cases and in the context of a motion for summary judgment where a litigant is proceeding *pro se*, the Court has an obligation to construe the pleadings liberally and to afford the *pro se* litigant any benefit of the doubt. *Baker v. McNeil Island Corrections Center*, 859 F.2d 124, 127 (9th Cir. 1988).

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE - PAGE 5

## III. DISCUSSION

Defendants have moved for summary judgment in part on the basis Plaintiff has not established a meritorious due process or equal protection claim. Although Defendants have raised numerous other issues in support of their motion, the Court will first consider the merits of the federal claims as they go directly to the jurisdiction of this court to consider the complaint.

Plaintiff's due process and equal protection claims under the U.S. Constitution can only be pursued against Defendants under 42 U.S.C. § 1983. "Section 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Thornton v. City of St. Helens*, 425 F.3d 1158, 1164 (9th Cir. 2005) (citations omitted).

In general, to establish a claim under 42 U.S.C. § 1983 a "plaintiff must show '(1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct deprived the plaintiff of a constitutional right.'" *Harry A. v. Duncan*, 351 F. Supp. 2d 1060, 1072 (D. Mont. 2005) (quoting *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988)). *See also Parratt v. Taylor*, 451 U.S. 527, 535 (1981), overruled on other grounds, *Daniels v. Williams*, 474 U.S. 327 (1986). Section 1983 liability requires proof that a defendant's deliberate or affirmative act or

omission caused the unconstitutional deprivation. *Harry A.*, at 1072 (citing *Stevenson v. Koskey*, 877 F.2d 1435, 1439 (9th Cir. 1989)). *See Daniels v. Williams* 474 U.S. 327, 330-332 (1986) (concluding mere negligent conduct is insufficient for a claim under § 1983).

Defendants are state officials sued in their individual capacities for conduct allegedly arising out of the authority of their official positions, as such they are individuals acting under color of state law for purposes of § 1983. The issue to be resolved then, is whether there is any merit to Plaintiff's claims that Defendants deprived him of his rights arising under the U.S. Constitution.

As stated above, Plaintiff alleges only that Defendants Zimmerman and Arnold deprived him of his rights to due process and equal protection.

### A. Due Process Rights

The Due Process Clauses of the Fifth and Fourteenth Amendments to the U.S. Constitution apply only when a constitutionally-protected liberty or property interest is at stake. *Erickson v. United States*, 67 F.3d 858, 861 (9th Cir. 1995). Due process prohibits the government from depriving any person of liberty or property without due process of law. The due process inquiry is twofold: (1) the Court must determine whether there exists a liberty or property interest which the

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE - PAGE 7

state actor has violated; and (2) the Court must then determine whether the procedures provided were constitutionally sufficient. *Kentucky Department of Corrections v. Thompson*, 490 U.S. 454, 460 (1989); *Thornton*, 425 F.3d at 1164.

The existence of a property interest is critical to Plaintiff's case. The Constitution itself does not create any property interest, but such interests can be found based on state laws that secure certain benefits and entitlements to such benefits. *Thornton*, at 1164. To have a property interest in a government benefit, such as an alleged right to receive a towing contract,

> a person clearly must have more than an abstract need or desire for it. He must have more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it.

*Thornton*, at 1164 (quoting *Board of Regents v. Roth*, 408 U.S. 564, 577 (1972)). The existence of a property interest in a governmental benefit depends on the extent of discretion the governing body has to allow a government benefit to be granted to a particular applicant. *Id*.

Plaintiff argues he was entitled to receive the towing contract because his bid was the lowest bid and because he is a certified tow truck operator, whereas the successful bidder was not a certified tow truck operator and was not otherwise in compliance with the legal requirements for receipt of the contract. Substantively, Plaintiff argues he brought this

lawsuit because "he was the only bidder that submitted a bid who was legally qualified to be granted the contract[.]"  (Aff. of Robert Field (February 7, 2006) at ¶ 5.)  He also contends the ultimate recipient of the contract never even submitted a bid.  (Pl.'s Reply at 4.)

The factual materials submitted by the parties undisputedly establish as follows:

1.  Sanders County's solicitation for junk vehicle bids required only that the bidder submit "bids on a flat mileage rate per junk vehicle per loaded mile."  (Aff. of Norman Grosfield (January 12, 2006), Ex. 1.)

2.  The "Notice to Call for Bid" published to the public stated "Sanders County Board of County Commissioners reserve the right to reject any or all bids."  (Aff. of Grosfield, Ex. 1.)

3.  Sanders County received 3 junk vehicle bids as follows: Plaintiff submitted a bid for $1.10 per loaded mile, Preston Mitchell submitted a bid for $.81 per loaded mile, and Doug's Towing submitted a bid for $2.00 per loaded mile.  (Aff. Of Grosfield, Exs. 3, 4, and 5 at 2; Pl.'s Compl., Ex. A.)

4.  Plaintiff's bid contained two additional bid items not solicited in the bid notice which were a hook up charge and a fuel surcharge.  (Pl.'s Compl., Ex. A.)

5.  The Sanders County Commissioners considered the junk vehicle bids, and on June 30, 2005, the Board awarded the junk

vehicle contract to Doug's Towing.  (Aff. of Grosfield, Ex. 5 at 3.)

   6.   Defendant Zimmerman told Plaintiff he did not receive the contract because his bid was "non-compliant" with the applicable bid and contract standards.  (Pl.'s Compl. at 3.)

   These undisputed facts establish Plaintiff did not have a constitutionally protected entitlement to receipt of the junk vehicle contract.  Where a county reserves the right to reject bids in the notice to bidders, the county has thereby reserved sufficient discretion barring a bidder from establishing a protectable property interest, even when the law provides for the bid to go to the "lowest responsible bidder."[1]  *DRT Mechanical Corp. v. Collin County, Tex.*, 845 F. Supp. 1159, 1162 (E.D. Tex. 1994).  *See also Kim Construction Co., Inc. v. Board of Trustees of Village of Mundelein*, 14 F.3d 1243, 1246-47 (7th Cir. 1994), *City Communications, Inc. v. City of Detroit*, 650 F. Supp. 1570, 1581 (E.D. Mich. 1987).  The reservation of the right to reject a bid, by itself, prevents an individual from establishing a "legitimate claim of entitlement to" a government benefit.  *See Kim Construction Co., Inc.*, 14 F.3d at 1247-48 (concluding the reservation of rights was a permissible reservation of discretion where the statutes did not prohibit such reservation of rights).

---

[1] Although not argued by the parties, it appears that the subject junk vehicle contract was to be awarded to the "lowest responsible bidder."  Mont. Code Ann. § 7-5-2301(3).

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE - PAGE 10

As stated above, Sanders County reserved the right to reject any bid relative to the junk vehicle bids solicited.  Based on the authority cited above, the Sanders County Commissioners retained discretion with regard to its decision to award the junk vehicle contract which legally prevents Plaintiff from claiming a protectable property interest in the contract.  In the absence of a protectable property interest in the contract, Plaintiff's due process claim against Defendant Zimmerman is without merit. *Thornton*, 425 F.3d at 1166.

Plaintiff also argues a due process violation based on his expectation as to another individual's compliance with state laws.  He expects other tow truck operators must be in compliance with all the towing operator regulations and requirements. (Pl.'s Reply at 14.)  However, as a matter of law such expectation simply does not rise to the level of a constitutionally protected due process right. That is, there is no property interest in the expectation that others will comply with the law.

As a separate due process matter, Plaintiff argues Defendant Arnold has violated his rights.  Arnold allowed Doug's Towing to operate even though he is not a certified tow truck operator. Arnold also failed to arrest Defendant Zimmerman for allowing uncertified tow truck operators to operate in Sanders County and for allowing junk vehicle contracts to be awarded to uncertified operators.

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE - PAGE 11

As a matter of due process, there is no constitutional duty imposed on state officials to protect members of the public at large from crime, or from violations of state law. *Balistreri v. Pacific Police, Dept.*, 901 F.2d 696, 699-700 (9th Cir. 1990). Such a duty may only exist if a special relationship exists between a state official and a particular member of the public. *Id*. at 700.  In determining whether a special relationship exists

> a court may look to a number of factors, including (1) whether the state created or assumed a custodial relationship toward the plaintiff; (2) whether the state affirmatively placed the plaintiff in a position of danger; (3) whether the state was aware of a specific risk of harm to the plaintiff; or (4) whether the state affirmatively committed itself to the protection of the plaintiff.

*Balistreri*, at 700.

In this case there is no evidence of any of the four factors identified above.  There is no evidence of a custodial relationship toward Plaintiff, that Defendants placed Plaintiff in any position of danger, that Defendants were aware of any specific risk of harm to Plaintiff, or that Defendants affirmatively committed to protect Plaintiff.  Absent the establishment of a special relationship Plaintiff cannot establish Defendant Arnold violated any due process rights by failing to enforce any law or by failing to arrest Zimmerman. *Balistreri*, at 700.  Therefore, all of Plaintiff's due process claims should be dismissed.

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE - PAGE 12

**B.  Equal Protection**

Plaintiff's Complaint asserts Defendant Zimmerman violated his equal protection rights by allowing the junk vehicle contract to be awarded to an individual who does not meet all the applicable requirements for such contract.

To state an equal protection claim under 42 U.S.C. § 1983 "a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class."  *Thornton*, 425 F.3d at 1166 (quoting *Lee v. City of Los Angeles*, 250 F.3d 668, 686 (9th Cir. 2001)).

In this case Plaintiff has not even attempted to establish either his membership in a protected class or the requisite discriminatory intent.  Assuming, without deciding, Plaintiff somehow is a member of some protected class, there simply is no evidence offered, submitted, or argued by Plaintiff to even suggest that Defendants acted with a discriminatory intent.  A defendant's mere indifference to the effects of a decision on a particular class, or mere conclusory statements of bias cannot carry an opposing party's summary judgment burden to establish discriminatory intent.  *Thornton*, at 1167.  Absent evidence of any discriminatory intent Plaintiff cannot establish an equal protection claim.  *Id*.  Plaintiff's equal protection claim should be dismissed.

## C. Summary Judgment Procedures

Plaintiff adamantly argues throughout all his briefs that somehow, someway he has a meritorious claim entitling him to legal relief. However, in summary judgment proceedings now is the time to come forward with evidence on which a jury could find Defendants liable to Plaintiff on some viable legal theory. If the facts do not support a cognizable legal theory then as a matter of law the claims must be dismissed.

Again, with regard to all of Plaintiff's federal claims he has failed to identify and present to the Court any factual evidence that is material to the elements of the federal claims discussed above. Consequently, he has not raised a genuine issue of material fact supporting summary judgment in his favor. A party opposing summary judgment must identify evidence establishing that a dispute as to a particular material fact is genuine. *Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The opponent "must do more than simply show that there is some metaphysical doubt as to the material facts." *Id*. The party opposing the motion "may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The nonmoving party may do this by use of

affidavits, depositions, answers to interrogatories, and admissions.  *Id*.

Plaintiff's briefing and his affidavit merely argue in general that he has been wronged.  Such discontent with his circumstances is not sufficient, even if proven, to establish a successful federal claim.  Additionally, Plaintiff argues generally Defendants have violated provisions of state law, or have allowed such violations to continue.  Specifically, they awarded the junk vehicle to a bidder who did not comply with state law requirements applicable to towing operators, the existing contract holder never even submitted a bid for the contract, and Plaintiff's towing operation and his bid are fully in compliance with state law requirements thereby entitling him to the junk vehicle contract.  Again, these facts, even if proven simply do not rise to the level of a violation of the United States Constitution.  Under the circumstances of this case there simply are no facts which could support the federal claims Plaintiff has pled in his Complaint.[2]

The Court notes Plaintiff's briefing argues numerous other factual assertions and spins on his theories in support of his federal claims.  Without going into the details of all those additional matters suffice it to say nothing in Plaintiff's

---

[2] This court has no opinion on whether there may be merit to Plaintiff's claims under state law.

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE - PAGE 15

arguments change the analysis of his claims set forth above. More importantly, though, Plaintiff is limited to the legal claims set forth in his Complaint.  A party may not assert a new theory of recovery in response to a defendant's summary judgment motion.  *Harry A. v. Duncan*, 351 F. Supp. 2d 1060, 1067 (D. Mont. 2005).

### D. Supplemental Jurisdiction Over State Law Claims

Based on the foregoing, all of Plaintiff's federal claims should be dismissed leaving only claims alleging violations of state law.  State law claims cannot support this Court's jurisdiction under 28 U.S.C. § 1331 as they do not raise any federal questions.  The Court may consider whether it should exercise supplemental jurisdiction over the state law claims.

The jurisdiction statute at 28 U.S.C. § 1367 provides that where a district court has original jurisdiction in a civil action it shall also have supplemental jurisdiction over other claims "that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy... ."  28 U.S.C. § 1367(a).  However, the district court may decline to exercise supplemental jurisdiction for various reasons stated in the statute, including when "the district court has dismissed all claims over which it has original jurisdiction[.]"  28 U.S.C. § 1367(c)(3).

Assuming the district court dismisses Plaintiff's federal claims as recommended herein, the Court should then decline to exercise supplemental jurisdiction over all of Plaintiff's state law claims pursuant to § 1367(c)(3).  The Court should then dismiss this entire action.

### IV.   CONCLUSION

Plaintiff has failed to establish any meritorious due process or equal protection claim arising under the U.S. Constitution.  Furthermore, the Court concludes Plaintiff would not be able to set forth any other facts which would support such claims.  This entire action should be dismissed for lack of merit as to any claims based on violation of either due process or equal protection as afforded under the U.S. Constitution and for lack of jurisdiction over the remaining state law claims.