FILED
MISSOULA, MT

2006 JUL 31   AM 11 08

PATRICK E. DUFFY
BY _____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

| | | |
|---|---|---|
| ROBERT FIELD, | ) | CV 05-133-M-DWM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| ROBERT ZIMMERMAN, Sanders County | ) | |
| Attorney; GENE ARNOLD, Sheriff | ) | |
| of Sanders County; HAROLD LAWS, | ) | |
| Sanders County Commissioner; | ) | |
| CAROLE BROOKER, Sanders County | ) | |
| Commissioner; and DALE PATTON, | ) | |
| Sanders County Commissioner, | ) | |
| Defendants. | ) | |
| | ) | |

United States Magistrate Judge Leif B. Erickson entered his
Findings and Recommendation in this matter on May 23, 2006 (dkt
#49).  The parties did not timely object and so have waived the
right to de novo review of the record.  28 U.S.C. § 636(b)(1).
This Court will review the Findings and Recommendation for clear
error.  *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*,
656 F.2d 1309, 1313 (9th Cir. 1981).  Clear error exists if the
Court is left with a "definite and firm conviction that a mistake

-1-

has been committed." *United States v. Syrax*, 235 F.3d 422, 427 (9th Cir. 2000).

## I.   Factual Background

The undisputed facts of this case are as follows.  The Sanders County Board of County Commissioners ("Board") solicited bids for the county junk-vehicle towing contract.  The "Notice to Call for Bid" stated that the "Sanders County Board of County Commissioners reserve[s] the right to reject any and all bids." The County required bids to be "on a flat mileage rate per junk vehicle per loaded mile."  Field's bid, one of three, included two additional bid items not solicited in the bid notice: a hook-up charge and a fuel surcharge.  County representatives stated that Field's bid was rejected because it did not comply with the bid description due to the additional charge items he included.

Field claims that he should have been awarded the bid because his bid was lower than the successful bidder's, and the successful bidder was not a certified tow operator as allegedly required by Montana law.  Field concludes from the undisputed facts and from these allegations that he should have been awarded the bid, and that the winning bidder should not have been awarded the bid.

Field, proceeding *pro se*, now alleges that, in rejecting his bid, various Sanders County officials committed a number of actionable constitutional and state law violations that caused him damages.  Field's federal claims allege that Defendants' actions deprived him of his rights under the Due Process and

Equal Protection Clauses of the United States Constitution.

Field also alleges that Zimmerman, the Sanders County Sheriff, should have prevented the winning bidder from hauling cars without proper state certification or should have arrested him. He also alleges that the Board is ultimately responsible for the wrongs allegedly perpetrated against him.

## II.  Analysis

### A.  Summary Judgment

A party is entitled to summary judgment if it can demonstrate "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251 (1986). On a motion for summary judgment, this Court must determine whether a fair-minded jury could return a verdict for the nonmoving party. *Id.* at 252.

The party opposing the motion "must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, at 248. The nonmoving party may do this by use of affidavits (including his own), depositions, answers to interrogatories, and admissions. *Id.*

As to materiality, the applicable substantive law will identify which facts are material. Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude entry of summary judgment. *Anderson*, at 248.

If a fact is found to be material, summary judgment will not

lie if the dispute about that fact is genuine.  In essence, the inquiry is whether the evidence presents a sufficient disagreement to require submission to a jury, or whether it is so one-sided that one party must prevail as a matter of law.  *Id.* at 251-252.  Though the *Anderson* Court stated that at the summary judgment stage the judge's function is not to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine issue for trial, it also stated that if the evidence is merely colorable, or is not significantly probative, summary judgment may be granted. *Id.*   at 249-50.

In civil rights cases and in the context of a motion for summary judgment where a litigant is proceeding pro se, this Court has an obligation to construe the pleadings liberally and to afford the pro se litigant any benefit of the doubt.  *Baker v. McNeil Island Corrections Center*, 859 F.2d 124, 127 (9th Cir. 1988).

## B.  Discussion of Pertinent Law

Here, Field's United States constitutional claims can be pursued against Defendants only under 42 U.S.C. § 1983, which allows individuals to file suit against government actors acting under color of state law.  *Thornton v. City of St. Helens*, 425 F.3d 1158, 1164 (9th Cir. 2005).  "Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Id.* (internal quotation marks omitted).

-4-

The Court agrees with Judge Erickson and finds that Plaintiff's claims are without merit.  The facts do not support a federal cause of action.

1.   **Field has failed to show he was deprived of any constitutionally protected liberty or property interest; therefore, there is not a valid Due Process Clause claim.**

The Due Process Clauses of the Fifth and Fourteenth Amendments to the U.S. Constitution require a government entity to use constitutionally sufficient procedures when depriving a person of a protected liberty or property interest. *Erickson v. United States*, 67 F.3d 858, 861 (9th Cir. 1995).  Therefore, an adequate showing of a protected liberty or property interest is a threshold issue of any due process analysis.[1]

Property interests are not created or enumerated by the U.S. Constitution but are created "by existing rules or understandings that stem from an independent source such as state law--rules or understandings that secure certain benefits and that support claims of entitlement to those benefits." *Bd. of Regents v. Roth,* 408 U.S. 564, 577(1972).  To demonstrate a property interest in a government benefit, such as a right to a government contract, a person must have "a legitimate claim of entitlement to it." *Id.*

Here, Field has failed to show any facts that Defendants

---

[1]Judge Erickson analyzed Plaintiff's equal protection argument beyond the threshold upon which this analysis ends. Though the Court agrees with Judge Erickson's findings and analysis, the threshold inquiry is dispositive.

deprived him of any protected liberty or property interest, or that he had a legitimate claim of entitlement to the County contract.  The County's expressed right to reject "any and all bids," by itself prevents an individual from establishing a legitimate claim to a government benefit.  *See Kim Construction Co. v. Board of Trustees*, 14 F.3d 1243, 1246-48; *DRT Mechanical Corp. v. Collin County Tex.*, 845 F. Supp 1159, 1162 (E.D. Tex. 1994).

Field's other due process arguments are not based on any evidence that Defendants acted to deprive him of a protected liberty or property interest.  A state official's failure to enforce a particular state law or regulation does not, absent a special relationship, deprive a member of the public of a protectable property interest even when that failure led to personal injury.  *See Balistreri v. Pacific Police Dept.*, 901 F.2d 696, 699-700 (9th Cir. 1990).  A special relationship exists between a state official when the following factors are considered: (1) the individual is in the state's custody; (2) the state placed the individual in a position of danger; (3) the state was aware of a specific risk of harm; or (4) the state affirmatively committed itself to the protection of the plaintiff.

In Field's case, there is no personal injury, only alleged economic injury.  Upon consideration of the four factors above, there is no special relationship either.  The County Commissioners' and Sheriff Zimmerman's failure to arrest the

-6-

county's junk-vehicle tow truck operator, if true, is not a Due Process Clause violation.

2.    **Because Field is not a member of a protected class there is not a violation of his Equal Protection Clause rights.**

Field claims that Sheriff Zimmerman violated his constitutional rights under the Equal Protection Clause by allowing the county contract to be awarded to someone who is not properly certified to tow junk-vehicles.

An equal protection claim requires a plaintiff to show that the government defendant acted "with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class."  *Thornton*, 4425 F.3d at 1166 (quoting *Lee v. City of Los Angeles*, 250 F.3d 668, 686 (9th Cir. 2001)). Therefore an adequate showing that the plaintiff is a member of a protected class is a threshold issue in any equal protection analysis.[2]

Field has not alleged that he is a member of a protected class, nor has any fact supported an inference that he is a member of a protected class.  Accordingly, Field's Equal Protection claim fails.

3.  **No supplemental jurisdiction over state law claims.**

Claims based on state law generally cannot support this Court's jurisdiction as they do not raise any federal questions.

---

[2]Judge Erickson analyzed Plaintiff's Equal Protection argument past this threshold inquiry.  Again, the Court agrees with Judge Erickson's analysis and findings, but the threshold inquiry is dispositive.

28 U.S.C. § 1331.  When hearing a case involving both federal and non-federal issues, this Court may exercise supplemental jurisdiction over state-based claims, but may decline jurisdiction when "the district court has dismissed all claims over which it has original jurisdiction."  28 U.S.C. § 1367(c)(3).

Having dismissed all Field's claims over which this Court has original jurisdiction, this Court declines to exercise supplemental jurisdiction over his state-based claims.

### III.  Conclusion

Based on the foregoing, it is HEREBY ORDERED that Judge Erickson's Findings and Recommendation (dkt #49) are adopted in full;

It is FURTHER ORDERED that Defendant's Motion for Partial Summary Judgment (dkt #12) is GRANTED and this action is DISMISSED.  All other pending motions are denied as moot.

DATED this _31st_ day of July, 2006.

_____
Donald W. Molloy, Chief Judge
United States District Court

-8-